**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

*In re* BAYCOL PRODUCTS LITIGATION       MDL NO. 1431 (MJD/SRN)

                                          **REPORT AND RECOMMENDATION**

This Document Relates to:

*Elaine Demery, et al. v. Bayer Corp.*        Case No. 05-2577
    *(Plaintiff Ann Price only)*

_____

David Bauman, Esq. for Plaintiff Ann Price

Susan Weber and James Mizgala, Esqs., on behalf of Defendant Bayer Corporation
_____

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Ann Price (Doc. No. 16). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.     INTRODUCTION**

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under PTO 149 and Federal Rules of Civil Procedure 37(b)(2) and 37(d) for Plaintiff's failure to appear at her duly noticed deposition on June 25, 2007, at the offices of Blackwell Sanders Peper Martin LLP in St. Louis, Missouri. Section I.A.2 of PTO 149 provides, in relevant part:

   d.     Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled

> deposition, such Plaintiff's claims will be dismissed with prejudice.
>
> e. If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

On June 6, 2007, fully consistent with PTO 149, Bayer served a Notice of Deposition of Plaintiff Ann Price upon Plaintiff's counsel of record. On June 15, 2007, Plaintiff's counsel sent Bayer's counsel a proposed stipulation of dismissal without prejudice for Plaintiff. In the cover letter, Plaintiff's counsel added that if Bayer did not agree to dismissal without prejudice, Plaintiff would "file the necessary motions with the Court." (Def. Mot. Disc. Sanctions Ex. 2.) Bayer was not willing to stipulate to dismissal without prejudice, citing to Section III of PTO 149, which Bayer told Plaintiff in an email the next day. Bayer did not hear from Plaintiff again, and it went forward with the deposition as noticed on June 25, 2007. Bayer created a record documenting Plaintiff's failure to appear, and fees for the court reporter's services totaled $126.00.

## II. DISCUSSION

Defendant Bayer argues that Plaintiff willfully violated PTO 149, which established mandatory procedures for case-specific discovery, and that Bayer was substantially prejudiced by Plaintiff's failure to appear for her deposition. Bayer specifically contends that Plaintiff's non-attendance at the deposition prevented it from eliciting critical factual testimony on a wide range of topics such as whether Plaintiff ever used Baycol; the nature, extent, and potential causes of Plaintiff's alleged injuries; and the extent of damages. Further, Bayer submits that Plaintiff's deliberate failure to attend her deposition

2

demonstrates a lack of interest in this case and abandonment of her claims.

Plaintiff responds that she gave Bayer's counsel notice that she would not appear for her deposition by faxing the proposed stipulation for dismissal.  Plaintiff further contends that Bayer was not prejudiced by her failure to appear because she had indicated her willingness to voluntarily dismiss her claims.

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice.  In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule    . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party.  Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted).  While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue.  Id. (citations omitted).  Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available.  Id.  (citations omitted).

In the present case, PTO 149 specifically and clearly calls for the dismissal of an action if a plaintiff fails to appear for his or her deposition.  Further, the Court finds that Bayer has shown the

3

requisite prejudice.  It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries, and damages by way of deposition.  Plaintiff's willful failure to appear at her deposition makes it virtually impossible for Bayer to prepare an adequate defense to her claims.  Hence, a sanction of dismissal with prejudice is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff would cure the prejudice to Bayer.  However, because Plaintiff essentially refuses to be deposed and has manifested an intention to voluntarily dismiss her claims, albeit without prejudice, the Court finds in its discretion that any lesser sanction would be futile.  Moreover, as Bayer has noted, Section III of PTO 149 requires a plaintiff to voluntarily dismiss his or her claims <u>with</u> prejudice if that plaintiff has already complied with PTO 81, which Plaintiff has.  It is therefore recommended that Bayer's motion for dismissal with prejudice be granted.

Section I.A.2.e of PTO 149 provides that, absent a showing of good cause, counsel for a non-appearing party who fails to provide notice to Bayer's counsel that Plaintiff may not appear for his or her deposition will be liable for the fees of the court reporter.  Although it would have been preferable for Plaintiff's counsel to unequivocally inform Bayer in writing that Plaintiff would not attend her deposition, the Court finds that the proposed stipulation and letter faxed by Plaintiff's counsel ten days before her deposition was adequate notice that she would not appear at the deposition.  Because Plaintiff's counsel has demonstrated sufficient good cause to avoid liability for the court reporter's fees, the Court recommends that this sanction not be awarded.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Ann Price (Doc. No. 16) be **GRANTED**; and

2. Plaintiff Ann Price's claims be **DISMISSED WITH PREJUDICE**.

Dated:  September 4, 2007

 s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 20, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.